IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JACQUELINE MOORE, individually and
as Administrator of the Estate of
KEITH KARWACKI, deceased,

        Plaintiff,

v.                                          Civil Action No. 5:05CV169
                                                          (STAMP)
LIFE INSURANCE COMPANY OF NORTH AMERICA,
a foreign corporation,
CIGNA CORPORATION d/b/a CIGNA GROUP INSURANCE,
a foreign corporation and
METROPOLITAN LIFE INSURANCE COMPANY,
a foreign corporation,

        Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>
<u>GRANTING IN PART AND DENYING IN PART</u>
<u>METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS,</u>
<u>GRANTING LIFE INSURANCE COMPANY OF NORTH AMERICA'S</u>
<u>MOTION TO DISMISS</u>
<u>AND GRANTING PLAINTIFF'S MOTION TO FILE A SURREPLY TO</u>
<u>LIFE INSURANCE COMPANY OF NORTH AMERICA/</u>
<u>CIGNA CORPORATION'S MOTION TO DISMISS</u>


I.  <u>Procedural History</u>

On August 24, 2005, the plaintiff, Jacqueline Moore,

individually and as Administrator of the Estate of Keith Karwacki

("Karwacki"), deceased, filed a complaint in the Circuit Court of

Marshall County, West Virginia against the defendants, Life

Insurance Company of North America ("LINA"), CIGNA Corporation

d/b/a CIGNA Group Insurance ("CIGNA") and Metropolitan Life

Insurance Company ("Met Life").  The plaintiff asserts that CIGNA

is the parent corporation and alter-ego of LINA.  Throughout the

filings in this civil action, LINA and CIGNA refer to themselves collectively as LINA/CIGNA. Therefore, this Court will refer to them as LINA/CIGNA for purposes of this opinion.

On September 21, 2005, the plaintiff filed an amended complaint against the defendants seeking declaratory judgment and alleging breach of contract, breach of common law duty of good faith and fair dealing, breach of fiduciary duty and violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 and § 502(a)(1)(B) ("ERISA") under an "alternative" count. (Am. Compl. Count VII.) The plaintiff also seeks punitive damages from the defendants.

On September 29, 2005, the defendants filed a notice of removal to the United States District Court for the Northern District of West Virginia. On July 20, 2006, Met Life filed an answer, counterclaim and third-party complaint for interpleader in response to the plaintiff's first amended complaint, following which this Court entered an order authorizing the Clerk to deposit into the registry of this Court a check from Met Life, which funds represent the life insurance benefits from Met Life's policy.

On October 13, 2005, Met Life filed a motion to dismiss the plaintiff's first amended complaint and filed a motion to strike the plaintiff's jury demand. On October 14, 2005, LINA/CIGNA filed a motion to dismiss Counts I, II and III of the plaintiff's amended complaint and to strike the plaintiff's jury demand and claims for

2

extracontractual and/or punitive damages. The plaintiff filed a combined response to the defendants' motions to dismiss the state claims, to which the defendants filed separate replies.

On December 7, 2005, the plaintiff filed a motion for leave to file a surreply regarding LINA/CIGNA's motion to dismiss, to which LINA/CIGNA responded and the plaintiff replied.

Upon consideration of the parties' memoranda and the applicable law, this Court finds that LINA/CIGNA's motion to dismiss Counts I, II and III must be granted and Met Life's motion to dismiss must be denied in part and granted in part. Specifically, Met Life's motion to dismiss must be granted with respect to Counts IV, V and VI and Met Life's motion to dismiss with respect to Count VII must be denied without prejudice to be reasserted in another motion if appropriate to do so. Further, Met Life's motion to dismiss with respect to its request for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) must be denied.

This Court also finds that Met Life's motion to strike the plaintiff's jury demand must be granted. Finally, this Court finds that the plaintiff's motion for leave to file a surreply regarding LINA/CIGNA's motion to dismiss must be granted and the plaintiff's surreply will be considered by this Court.

## II.  <u>Facts</u>

The plaintiff is the mother of Keith Karwacki ("Karwacki") and has been appointed as the administrator of his estate.

Karwacki was killed in a motorcycle accident on February 28, 2003 in Hollywood, Florida. Karwacki's blood alcohol content at the time of the accident was .16%.

At the time of his death, Karwacki was employed by American Airlines, Inc. Through his employment with American Airlines, Inc., Karwacki was insured under two separate insurance policies, a Group Accidental Death and Dismemberment Policy issued by LINA/CIGNA, Policy No. OK 80 99 74 and a Group Life Insurance Policy issued by Met Life, Policy No. 29900-G. Met Life's policy provides, among other benefits, life insurance to eligible employee participants. These benefits were issued by Met Life and any claims under the policy were administered by Met Life. LINA/CIGNA's policy provides benefits for loss from bodily injury to eligible employee participants. The benefits under the Group Accidental Death and Dismemberment Policy were issued by LINA/CIGNA and any claims under the policy were administered by LINA/CIGNA.

Following Karwacki's death, the plaintiff timely submitted claims for accidental death benefits and life insurance benefits as a beneficiary under these policies. LINA/CIGNA denied the plaintiff coverage for Karwacki's death on the grounds that Karwacki's death was the result of a "self-inflicted injury." (Am. Compl. ¶ 16.) LINA/CIGNA also denied the plaintiff's administrative appeal and refused to provided coverage under Policy

No. OK 80 99 74.  Before bringing the above-styled civil action, the plaintiff exhausted LINA/CIGNA's internal appeal process.

Met Life paid the plaintiff one-half of Karwacki's Policy No. 29900-G.  Met Life refused to pay the full benefits to the plaintiff because Met Life asserted that the policy at issue required it to pay the remaining benefits to Karwacki's father, Richard Karwacki.  However, American Airlines could not locate Karwacki's designation of beneficiary form to determine Karwacki's beneficiary.  The plaintiff asserts that the father, Richard Karwacki, died on October 9, 2004, and thus he did not receive the other half of Karwacki's policy.  Upon being advised of Met Life's refusal to pay the remaining policy proceeds, the plaintiff appealed Met Life's decision.  Met Life denied the plaintiff's appeal.  Before bringing this civil action, the plaintiff exhausted the internal appeal process provided by Met Life.

In this civil action, the plaintiff seeks a declaratory judgment that LINA/CIGNA are legally obligated to pay $500,000.00 to the plaintiff under the terms of Policy No. OK 80 99 74, a declaratory judgment that defendant Met Life is legally obligated to pay the remaining policy proceeds of $47,400.00 to the plaintiff under the terms of Policy No. 29900-G, compensatory damages, pre-judgment and post-judgment interest, costs and attorney's fees and punitive damages.

### III. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under this Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health Care Servs., Inc. v. Radford Community Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" <u>Id.</u> at 143-44 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is

directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45; Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Community Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985).

## IV. Discussion

Met Life and LINA/CIGNA filed separate motions to dismiss pursuant to Rule 12(b)(6). In its motion to dismiss, LINA/CIGNA request dismissal of Counts I, II and III of the plaintiff's amended complaint because these counts are preempted by ERISA. Met Life, in its motion to dismiss, asserts that Counts IV, V and VI of the plaintiff's first amended complaint must be dismissed because these counts are preempted by ERISA. In addition, Met Life

contends that the plaintiff's claim for violations of ERISA, Count VII, must also be dismissed because the plaintiff seeks relief which cannot be granted. In her combined response, the plaintiff asserts that LINA/CIGNA's motion to dismiss and Met Life's motion to dismiss are premature and overly broad. The plaintiff requests this Court to stay them in part, pending discovery and to deny them in part.

A.   <u>ERISA Preemption</u>

As has been often stated, ERISA contains the most sweeping and comprehensive revisions of the law governing private pension and other employee fringe benefit programs in history.

The preemption section in ERISA provides that ERISA "shall supersede any and all State laws insofar as they may nor or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). For the purposes of this section, "State law" includes all "laws, decisions, rules, regulations, or other State action having the effect of law, of any State." <u>Id.</u> at (c)(1).

An "employee benefit plan" is defined in ERISA as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

An "employee welfare benefit plan" is defined as:

> any plan, fund, or program which was . . . established or is maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A)

> medical, surgical, or hospital care or benefits, or
> benefits in the event of sickness, accident, disability,
> [or] death . . . .

Id. § 1002(1).

The ERISA definition of an employee welfare benefit plan can be broken into five elements: "(1) a 'plan, fund or program' (2) established or maintained (3) by an employer . . . (4) for the purpose of providing medical, surgical, hospital care, [or] sickness . . . benefits (5) to participants or their beneficiaries." Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982)(en banc). The last three elements are relatively simple to evaluate based on the statutory definitions. In order to qualify as an employee welfare benefit plan, an employer or employee organization must administer the program, rather than individual employees or entrepreneurial businesses. Id. In addition, the benefits must be provided for one of the purposes specified in the statute and the intended beneficiaries must include employees or their beneficiaries. Id.

Consequently, the threshold issue in this civil action is whether the program for Group Accidental Death and Dismemberment Policy issued by LINA/CIGNA and the program for the Group Life Insurance Policy issued by Met Life are employee welfare benefit plans covered by ERISA.

This Court finds that the policies in question are ERISA plans.

1.  ERISA Definition of a "Plan"

First, a court must determine whether the program fits under the ERISA definition of a "plan." Precedent suggests that a plan exists "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Dillingham, 688 F.2d at 1373.

Second, a court must find evidence of establishment or maintenance of the plan. This determination turns on "the nature and extent of the administrative obligations that the benefit imposes on the employer." Young v. Wash. Gas Light Co., 206 F.3d 1200, 1203 (D.C. Cir. 2000). A plan generally is not subject to ERISA requirements if it is "merely a one-shot, take it or leave it incentive." O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 267 (1st Cir. 2001). However, ERISA regulation is implicated "[w]here subjective judgments would call upon the integrity of the employer's administration . . ." Id.

Thus, the difficulty arises in determining whether the alleged program is encompassed within "some minimal, ongoing 'administrative' scheme or practice." District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 130 n.2 (1992)(quoting Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987)). In making this determination, courts have considered the following factors: (1) whether the payments are one-time lump sum or

continuous payments; (2) whether the employer holds a long-term obligation to make such payments; (3) whether payments are distributed upon the occurrence of a "single, unique event," or instead at any time that an employee is terminated; and (4) whether the arrangement requires the employer to review employee eligibility on a case-by-case basis. Donovan v. Branch Banking & Trust Co., 220 F. Supp. 2d 560, 564-65 (S.D. W. Va. 2002). Thus, a fact-specific inquiry is necessary, and none of the above-mentioned factors is "on its own determinative." D'Oliviera v. Rare Hospitality Int'l, Inc., 150 F. Supp. 2d 346, 351 (D.R.I. 2001).

In the present civil action, the facts alleged by the plaintiff suggest the existence of two separate "plans." However, this Court does not have either the Group Accidental Death and Dismemberment Policy or the Group Life Insurance Policy because none of the parties have submitted either policy or a summary of either policy. Thus, this Court will look to the plaintiff's complaint to determine whether the Group Accidental Death and Dismemberment Policy and/or the Group Life Insurance Policy are ERISA plans.

In the "alternative" count of the amended complaint, the plaintiff alleges in paragraph 53 that: "Plaintiff's claims against Defendants LICNA, CIGNA and Met Life arise under the employee Retirement Income Security Act of 1974." (Am. Compl. ¶

53.) In paragraph 55 of the amended complaint, the plaintiff further asserts that "[t]he insurance policies in question under which the Plaintiff seeks benefits are a Group Accidental Death and Dismemberment Policy and a Group Life Insurance Policy issued under an 'employee benefit plan' pursuant to the provisions of the Employee Retirement Income Security Act (ERISA)." (<u>Id.</u> at ¶ 55.) In addition, the plaintiff asserts that "[t]he employee benefit and benefit plan in question are covered by ERISA and [that] the Plaintiff is a beneficiary under the ERISA plan." (<u>Id.</u>)

In addition, this Court finds from a review of the pleadings that the benefits of the Group Accidental Death and Dismemberment Policy issued by LINA/CIGNA and the Group Life Insurance Policy issued by Met Life appear to be ERISA plans. First, the plaintiff asserts that all premiums for both of the policies at issue were paid as due. Second, Met Life and LINA/CIGNA provide benefits for one of the specified purposes in the statute -- medical, surgical, hospital care or benefits. Third, the policies issued by LINA/CIGNA and Met Life provided benefits to eligible employee participants. Specifically, the intended beneficiaries included employees of American Airlines. Thus, the plaintiff's son, Karwacki, was an intended beneficiary.

The plaintiff contends that the defendants' motions to dismiss Counts II and IV are premature because neither Met Life nor LINA/CIGNA have served their Rule 26(a)(1) disclosures. This Court

12

finds that it is unnecessary for any discovery to take place for this Court to determine, based upon the pleadings, that ERISA preempts the plaintiff's state law claims.

Accordingly, this Court finds that all of the elements in the ERISA definition of an employee welfare benefit plan are easily met as to both policies. Based upon this assessment, it is reasonable to conclude that the Group Life Insurance Policy issued by Met Life and the Group Accidental Death and Dismemberment Policy issued by LINA/CIGNA are ERISA plans.

    2. <u>"Relate to" Requirement for ERISA Preemption</u>

Having determined that both of the policies are employee benefit plans as defined by ERISA, this Court next turns to the question of whether the state law claims contained in the complaint "relate to" the ERISA plans.

The United States Supreme Court specifically addressed the scope of the "relate to" language in § 1144(a) in <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85 (1983). In <u>Shaw</u>, the court stated:

> A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan . . . . Congress used the words "relate to" . . . in their broad sense. To interpret [Section 1144(a)] to preempt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of [that section]. It would have been unnecessary to exempt generally applicable state criminal statutes from preemption in [Section 1144(b)(4)], for example, if [that section] applied only to state laws dealing specifically with ERISA plans.

Id. at 97-98 (citations omitted). The Supreme Court later referred to this broad interpretation of "relate to" as the "expansive sweep of the preemption clause." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). Clearly, it has been the purpose of the Supreme Court to establish the scope of ERISA preemption in broad terms, in order to effectuate the intent of Congress. See, e.g., Shaw, 463 U.S. at 98-99; Willett v. Blue Cross Blue Shield of Ala., 953 F.2d 1335, 1341 (9th Cir. 1992)("Any doubts regarding preemption are resolved by reference to the Supreme Court's observation that the 'preemption clause is conspicuous for its breath' and 'its deliberately expansive language was designated to establish plan regulation as exclusively a federal claim.'").

The plaintiff contends that Counts I and IV of her amended complaint are for declaratory judgment and that "ERISA is not a critical element of declaratory judgment." (Pl.'s Combined Resp. at 4.) This Court disagrees.

In this civil action, the plaintiff's claims include declaratory judgment, breach of contract, breach of the duty of good faith and fair dealing and punitive damages.

The plaintiff's claim for declaratory judgment in Count I is based upon LINA/CIGNA's determination that the plaintiff did not qualify to receive benefits for loss from bodily injuries from the plan. With respect to Count IV, the plaintiff's claim for declaratory judgment is based upon Met Life's determination that

the plaintiff did not qualify to receive all of the life insurance benefits from the plan.

ERISA was enacted to preempt state law on the issue of determination of rights in a plan. As stated by Ronald Cooke in ERISA Practice and Procedure, the purpose of ERISA was to develop a body of federal substantive law "to deal with issues involving rights and obligations under private welfare and pension plans." See Ronald J. Cooke, ERISA Practice and Procedure § 1.1 at 3 (2d ed. 2005).

Since Counts I and IV are based upon LINA/CIGNA and Met Life's administration of claims for insurance benefits under the plans, this Court finds that ERISA preempts the state law claims. Further, if the plaintiff was not a beneficiary under the plan, she would not have a cause of action. See 29 U.S.C. § 1132(a)(1)(ERISA confers standing upon participants and beneficiaries of an ERISA plan). Therefore, in this civil action, the existence of the ERISA plans is a critical element of the plaintiff's declaratory judgment actions in Counts I and IV. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990)(if the case is one in which the existence of a pension plan is a critical element of a state-law cause of action, then ERISA supercedes the state law.).

As all the claims asserted in Counts I, II, IV and V have a connection with the administration of one of the employee benefit plans, this Court finds that these claims relate to ERISA plans, as

identified in this civil action. See <u>Pilot Life Ins. Co. v.</u> <u>Dedeaux</u>, 481 U.S. 41, 47-48 (1987). Accordingly, since the policies in question are ERISA plans, this Court finds that the common law causes of action found in the plaintiff's amended complaint are preempted by ERISA.

B. <u>Claims Against LINA/CIGNA: Counts I and II</u>

Count I of the plaintiff's amended complaint alleges state law claims for declaratory judgment and breach of contact against LINA/CIGNA. Count II alleges breach of the common law duty of good faith and fair dealing and breach of fiduciary duty against LINA/CIGNA. As this Court has determined that these claims relate to an ERISA plan and the plaintiff has not proved that these claims are saved from preemption, this Court finds that Courts I and II of the amended complaint are preempted by ERISA.

C. <u>Claims Against Met Life: Counts IV and V</u>

Count IV of the plaintiff's amended complaint alleges state law claims for declaratory judgment and breach of contact against Met Life. Count V of the plaintiff's amended complaint alleges breach of the common law duty of good faith and fair dealing and breach of a fiduciary duty against Met Life. As this Court has determined that these claims relate to an ERISA plan and the plaintiff has not proved that these claims are saved from preemption, this Court finds that Courts IV and V of the amended complaint are preempted by ERISA.

D.   ERISA: Count VII

Met Life filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that the plaintiff's amended complaint fails to state a claim upon which relief can be granted. (Met Life's Mot. to Dismiss at 6.)   In response, the plaintiff asserts that her ERISA claim in Count VII states a claim upon which relief can be granted.

As stated above, in assessing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit plaintiff's stated theory of liability; complaint should be dismissed only if, when viewed in this manner, pleading shows no set of facts which could entitled the plaintiff to relief.   See Fed. R. Civ. P. 12(b)(6); Zona v. Clark Univ., 436 F. Supp. 2d 287 (D. Mass. 2006).

Even though this Court has determined that ERISA applies to this civil action, and that the asserted state law claims are preempted, it does not necessarily follow that the plaintiff's amended complaint fails to state a claim upon which relief can be granted following the test for deciding a motion to dismiss.   This Court finds that, at this stage, the amended complaint alleges sufficient facts to state a claim.   Specifically, the plaintiff "re-alleges . . . each and every allegation contained in Paragraphs 1 through 51 of this Complaint" and that the "Defendants'

17

determination to deny the Plaintiff's claims as aforesaid was wrongful, arbitrary and capricious and otherwise in violation of ERISA." (Am. Compl. ¶ 52, 56.)

This Court notes that ERISA is broad enough to accomplish its purposes, which include the imposition of adequate safeguards with respect to the establishment, operation, and administration of an employee benefit plan for the benefit of ERISA plan participants and beneficiaries. <u>See</u> 29 U.S.C. § 1001(a); Ronald J. Cooke, <u>ERISA Practice and Procedure</u> § 1.1 at 3.

In this civil action, the plaintiff's amended complaint was brought against Met Life and LINA/CIGNA to determine her rights as a beneficiary under their benefit plans. Accordingly, this Court finds that the plaintiff has stated a claim upon which relief can be granted. Thus, Met Life's motion to dismiss Count VII must be denied without prejudice to be reasserted in another motion, if applicable.

E.    <u>Punitive Damages: Counts III and VI</u>

In Counts III and VI of the amended complaint, the plaintiff has made general claims for punitive and extracontractual damages. Specifically, in Count III of the amended complaint, the plaintiff asserts that the conduct of LINA/CIGNA was "unreasonable, arbitrary and capricious" and with a "deliberate and malicious intent to injure and defraud" the plaintiff and, in Count VI, the plaintiff

asserts that the conduct of Met Life was "malicious" and "predetermined." (<u>See</u> Am. Compl. at ¶ 50.)

The Supreme Court has held that punitive damages are incompatible with the civil enforcement provisions of ERISA which provide the only available six remedies for ERISA plan participants. <u>Pilot Life Ins. v. Dedeaux</u>, 481 U.S. 41, 57 (1987). Specifically, the Supreme Court stated that:

> the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme . . . . The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that Congress did not intend to authorize other remedies it simply forgot to incorporate expressly."

<u>Id.</u> at 54. In light of the exclusive remedies under § 502, the Supreme Court in <u>Pilot Life</u> held that a state claim for breach of contract that could result in punitive damages, a remedy not available to the claimant under ERISA, was not saved under § 514(b)(2)(A). <u>Id.</u> at 53-57; <u>see also</u> <u>Singh v. Prudential Health Care Plan, Inc.</u>, 335 F.3d 278 (4th Cir. 2003)("Regardless of how plaintiff's claims are ultimately pleaded, the remedies available to plaintiff in this case where Singh seeks to enforce the terms of an ERISA plan, as modified by the Maryland HMO Act are limited to those remedies set forth in § 502(a)."); <u>Pane v. RCA Corp.</u>, 868 F.2d 631, 635 (3d Cir. 1989)(state law claim for punitive damages

preempted); <u>Davis v. Kentucky Finance Cos. Retirement Plan</u>, 887 F.2d 689, 696 (6th Cir. 1989), <u>cert. denied</u>, 495 U.S. 905, 909 (1990)("there can be no extracontractual recovery in the context of an ERISA plan").

Accordingly, this Court finds that Counts III and VI of the amended complaint seeking extracontractual and punitive damages must be dismissed. Thus, LINA/CIGNA's motion to dismiss Count III must be granted and Met Life's motion to dismiss Count VI must be granted.

F. <u>Jury Trial Demand</u>

In its motion to dismiss, LINA/CIGNA requests that the plaintiff's jury trial demand be dismissed. Met Life also filed a motion to strike the plaintiffs request for a jury demand. The plaintiff asserts that these motions are premature. This Court disagrees with the plaintiff and finds that the plaintiff's demand for a jury trial must be dismissed and the demand for a jury stricken.

Actions under ERISA are equitable actions and there is no right to a jury trial. <u>Berry v. Ciba Geigy Corp.</u>, 761 F.2d 1003, 1007 (4th Cir. 1985.) Thus, LINA/CIGNA's motion to dismiss Counts I, II and III and to strike the plaintiff's jury demand and claims for extracontractual and/or punitive damages must be granted with respect to the plaintiff's request for a jury trial. Further, Met

Life's motion to strike the plaintiff's jury demand must be granted.

G.  Attorney's Fees

In its motion to dismiss, Met Life requests attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).  The plaintiff does not respond to Met Life's request for attorney's fees in her combined response to Met Life and LINA/CIGNA's motions to dismiss.

Pursuant to 29 U.S.C. § 1132(g), in any action under ERISA by a participant, beneficiary or fiduciary, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g).

The award of such costs and expenses is discretionary.  After reviewing the motion and the memoranda in support thereof, this Court finds that the request for attorney's fees and costs should be denied.

V.  Conclusion

For the reasons stated above, the defendants, Life Insurance Company of North America and CIGNA Corporation's motion to dismiss Counts I, II and III of the first amended complaint and to strike the plaintiff's jury demand and claims for extracontractual and/or punitive damages is hereby GRANTED.  This Court further finds that the defendant, Metropolitan Life Insurance Company's motion to dismiss is hereby GRANTED IN PART and DENIED IN PART. Specifically, Metropolitan Life Insurance Company's motion to

dismiss with respect to Counts IV, V and VI is hereby GRANTED. Metropolitan Life Insurance Company's motion to dismiss Count VII is hereby DENIED WITHOUT PREJUDICE and Metropolitan Life Insurance Company's motion to dismiss with respect to its request for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) is hereby DENIED. The defendant, Metropolitan Life Insurance Company's motion to strike the plaintiff's jury demand is hereby GRANTED. Further, the plaintiff, Jacqueline Moore's motion for leave to file a surreply regarding Life Insurance Company of North America and CIGNA Corporation's dismissal motion is hereby GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 29, 2006


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE