IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACQUELINE MOORE, individually and
as Administrator of the Estate of
KEITH KARWACKI, deceased,

    Plaintiff,

v.                              Civil Action No. 5:05CV169
                                              (STAMP)
LIFE INSURANCE COMPANY OF NORTH AMERICA,
a foreign corporation,
CIGNA CORPORATION d/b/a CIGNA GROUP INSURANCE,
a foreign corporation and
METROPOLITAN LIFE INSURANCE COMPANY,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING LIFE INSURANCE COMPANY OF NORTH AMERICA
AND CIGNA CORPORATION'S MOTIONS FOR SUMMARY JUDGMENT,
DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ESTABLISHING A BRIEFING SCHEDULE ON LIFE INSURANCE
COMPANY OF NORTH AMERICA'S REQUEST FOR ATTORNEY'S FEES**

I.   Procedural History

The plaintiff, Jacqueline Moore, individually and as Administrator of the Estate of Keith Karwacki, filed a complaint in the Circuit Court of Marshall County, West Virginia against the defendants, Life Insurance Company of North America ("LINA"), CIGNA Corporation d/b/a CIGNA Group Insurance ("CIGNA") and Metropolitan Life Insurance Company ("Met Life").

The plaintiff filed an amended complaint against the defendants seeking declaratory judgment and alleging breach of contract, breach of common law duty of good faith and fair dealing,

breach of fiduciary duty and, under an "alternative" count, violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 and § 502(a)(1)(B) ("ERISA"). (Am. Compl. Count VII.)

The defendants filed a notice of removal to the United States District Court for the Northern District of West Virginia. This Court then entered a memorandum opinion and order granting LINA/CIGNA's motion to dismiss Counts I, II and III and granting in part and denying in part Met Life's motion to dismiss. Specifically, this Court granted Met Life's motion to dismiss with respect to Counts IV, V and VI and denied without prejudice Met Life's motion to dismiss with respect to Count VII. Further, this Court granted Met Life's motion to strike the plaintiff's jury demand. The plaintiff then voluntarily agreed to dismiss Met Life from this action. This Court entered an order denying the plaintiff's motion to alter or amend, or in the alternative, for certification of this Court's memorandum opinion and order entered September 29, 2006 and denying LINA/CIGNA's request for attorney's fees.

At issue now are LINA, CIGNA and the plaintiff's motions for summary judgment. The plaintiff filed a motion for summary judgment to which LINA and CIGNA responded and the plaintiff replied. LINA and CIGNA filed separate motions for summary

judgment, to which the plaintiff responded and LINA and CIGNA replied.

Upon consideration of the parties' memoranda and the applicable law, this Court finds that LINA and CIGNA's separate motions for summary judgment must be granted and the plaintiff's motion for summary judgment must be denied.

## II. Facts

The plaintiff is the mother of Keith Karwacki ("Karwacki") and has been appointed as the administrator of his estate. Karwacki was killed in a motorcycle accident on February 28, 2003 in Hollywood, Florida. Karwacki's blood alcohol content at the time of the accident was 0.16 percent.

At the time of his death, Karwacki was employed by American Airlines, Inc. Through his employment with American Airlines, Inc., Karwacki was insured under two separate insurance policies, a group accidental death and dismemberment policy issued by LINA/CIGNA, Policy No. OK 80 99 74, and a group life insurance policy issued by Met Life, Policy No. 29900-G. Met Life's policy provides, among other benefits, life insurance to eligible employee participants. These benefits were issued by Met Life and any claims under the policy were administered by Met Life. LINA/CIGNA's policy provides benefits for loss from bodily injury to eligible employee participants. The plaintiff asserts that the benefits under the group accidental death and dismemberment policy

3

were issued by LINA/CIGNA and any claims under the policy were administered by LINA/CIGNA. CIGNA asserts that it did not process or administer any of the plaintiff's claims.

Following Karwacki's death, the plaintiff timely submitted claims for accidental death benefits and life insurance benefits as a beneficiary under these policies. The plaintiff was denied coverage on the LINA/CIGNA policy on the grounds that Karwacki's death was the result of a "self-inflicted injury." (Am. Compl. ¶ 16.) The plaintiff's administrative appeal was also denied and LINA refused to provided coverage under Policy No. OK 80 99 74. Before bringing the above-styled civil action, the plaintiff exhausted the internal appeal process regarding LINA/CIGNA's policy.

Met Life paid the plaintiff one-half of Karwacki's Policy No. 29900-G. Met Life refused to pay the full benefits to the plaintiff because Met Life asserted that the policy at issue required it to pay the remaining benefits to Karwacki's father, Richard Karwacki. However, American Airlines could not locate Karwacki's designation of beneficiary form to determine Karwacki's beneficiary. The plaintiff asserts that the decedent's father, Richard Karwacki, died on October 9, 2004, and thus he did not receive the other half of Karwacki's policy. Upon being advised of Met Life's refusal to pay the remaining policy proceeds, the plaintiff appealed Met Life's decision. Met Life denied the

plaintiff's appeal. Before bringing this civil action, the plaintiff exhausted the internal appeal process provided by Met Life. As stated above, the plaintiff voluntarily dismissed Met Life from this civil action on November 28, 2006.

In her complaint, the plaintiff seeks a declaratory judgment that LINA/CIGNA are legally obligated to pay $500,000.00 to the plaintiff under the terms of Policy No. OK 80 99 74, a declaratory judgment that defendant Met Life is legally obligated to pay the remaining policy proceeds of $47,400.00 to the plaintiff under the terms of Policy No. 29900-G, compensatory damages, pre-judgment and post-judgment interest, costs and attorney's fees and punitive damages.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.

1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has

had sufficient opportunity for discovery.  See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992).  In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Motions for Summary Judgment

In its motion for summary judgment, LINA argues that summary judgment is appropriate because Karwacki's death, which resulted from driving while intoxicated, was not accidental.  In its motion for summary judgment, CIGNA argues that it had no role in the processing or administration of: (1) the plaintiff's claim for accidental death benefits; (2) the denial of the plaintiff's claim; or (3) the decision to uphold the denial following the plaintiff's administrative appeal.

This Court finds that the plaintiff's claims lack merit because the denial of benefits on the LINA/CIGNA policy was reasonable.  The plaintiff's arguments rely heavily on Eckleberry v. Reliastar Life Ins. Co., 402 F. Supp. 2d 704, 707-9 (S.D. W.Va. 2005).  Subsequent to the parties' briefing of their motions for summary judgment, this case was reversed by the United States Court of Appeals for the Fourth Circuit.  The Fourth Circuit, in Eckelberry v. Reliastar Life Ins. Co., 469 F.3d 340 (4th Cir.

7

2006), held that a group accidental death and dismemberment insurer's denial of benefits was reasonable because the denial of benefits for an insured driver's fatal automobile collision was based on the insured's intoxication at the time of the collision. The court found that objectively, "injury or death was highly likely or reasonably foreseeable as [a] result of voluntarily driving under [the] influence." Id. at HN 4.

In this civil action, Karwacki drove his motorcycle into the rear end of a street sweeper in Hollywood, Florida on February 28, 2003. Karwacki's blood alcohol level was determined to be 0.16 percent, which is twice the legal limit. See Fla. Stat. § 316.193 (2003); W. Va. Code § 17C-5-2 (2003)(the statute was amended in 2005 to establish a legal limit of 0.08 percent). To determine the issue of whether the plaintiff is entitled to benefits based upon Karwacki's actions, this Court must look at the LINA/CIGNA policy. Because the LINA/CIGNA policy documents do not define the term "accident," this Court looks to Black's Law Dictionary, the Fourth Court of Appeals and the West Virginia courts for the definition. Black's Law Dictionary 15 (8th ed. 2004), defines the term "accident" as "[a]n unintended and unforeseen injurious occurrence." The Fourth Circuit Court of Appeals and the West Virginia courts have also defined "accident" as an event that is "unusual," "unexpected" and "unforeseeable." See e.g. State Bancorp, Inc. v. United States Fidelity & Guar. Ins., 483 S.E.2d

228, 234 (W. Va. 1997). Further, to clarify the meaning of the term "unexpected" when a policy does not provide a definition, the Fourth Circuit has adopted the framework laid out in Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077 (1st Cir. 1990). First, the court asks whether the insured subjectively expected his actions to result in injury or death. Id. If the insured did not "expect" an injury to occur, the fact-finder must then "examine whether the suppositions which underlay that expectation were reasonable" and the fact-finder must do so "from the perspective of the insured." Id. If the fact-finder, in attempting to accurately determine the insured's actual expectation, finds that the evidence is insufficient to determine the insured's subjective expectation, then he may "engage in an objective analysis of the insured's expectations." Id. The objective analysis asks "whether a reasonable person, with background and characteristics similar to the insured, would have viewed the injury as highly likely to occur as a result of the insured's intentional conduct." Id.

The court in Eckelberry, 469 F.3d at 340, applied the objective foreseeability test set forth in Wickman, 908 F.2d at 1077, and reasoned that since "the hazards of drinking and driving are widely known and widely publicized," the insured should have known that driving under the influence was highly likely to cause death or serious bodily injury. As stated above, Eckelberry, 469 F.3d at 340, found that the insured driver's fatal automobile crash

9

was not accidental because it was not unexpected since the driver was legally intoxicated. Based upon the rulings in Eckelberry, this Court finds that Karwacki's death was not accidental because it was a foreseeable result of his intoxicated driving. Id. "By choosing to drive under circumstances where his vision, motor control, and judgment were likely to be impaired, the insured placed himself and fellow motorists in harm's way." Id. Thus, this Court finds that the denial of benefits for the LINA/CIGNA policy was reasonable.

Based upon the findings above, this Court need not discuss CIGNA's arguments regarding the processing and administration of the LINA/CIGNA policy.

Accordingly, LINA and CIGNA's motions for summary judgment must be granted and the plaintiff's motion for summary judgment must be denied.

B.  Request for Attorney's Fees

In its reply memorandum to its motion for summary judgment, LINA requests attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

Pursuant to 29 U.S.C. § 1132(g)(1), the district court has discretion to "allow a reasonable attorney's fee and costs of action to either party." Under the discretionary provision of ERISA, courts have employed a five-part test for determining the

propriety of a fee award. Hummell v. SE Rykoff and Co., 634 F.2d 446 (9th Cir. 1980), sets out the relevant criteria as follows:

    1.   The degree of the opposing party's culpability or bad faith;

    2.   The ability of the opposing party to satisfy a fee award;

    3.   Whether an award of fees against the opposing party would deter others from acting under similar circumstances;

    4.   Whether the party requesting the fee award sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and

    5.   The relative merits of the parties' contentions.

This Court finds that LINA's request for attorney's fees does not address any of the factors set forth in Hummell. Id. Therefore, based upon LINA's request and the applicable legal principles, this Court finds that it would be beneficial to establish a briefing schedule on LINA's request for attorney's fees.

The briefing schedule on LINA's request for attorney's fees is established below.

## V. Conclusion

For the reasons stated above, defendant, Life Insurance Company of North America's motion for summary judgment is hereby GRANTED and defendant, CIGNA Corporation's motion for summary judgment is hereby GRANTED. Accordingly, the plaintiff's motion for summary judgment is hereby DENIED.

Further, it is ORDERED that LINA may file, with copies served upon opposing counsel, a motion for attorney's fees on or before **January 30, 2007**. Any such motion must be supported by a memorandum at the time the motion is filed. Memoranda in opposition to such motions filed on the above deadline date shall be filed, with copies served upon opposing counsel, on or before **February 13, 2007**. If a motion has been filed before the above deadline date, opposing counsel is directed to comply with Local Rule of Civil Procedure 7.02(b), which requires responses no later than fourteen days after the date of service of the motion. Any reply memoranda by LINA shall be filed with copies served upon opposing counsel on or before **February 23, 2007** or, if a response is filed prior to the above deadline date, within seven business days from the date of service of the memorandum in response to the motion.

The parties shall comply with Local Rule of Civil Procedure 7.02 imposing a page limitation upon memoranda unless a motion to exceed the page limitation is granted. See LR Civ P 7.02. Factual assertions made in memoranda should be supported by specific references, including page or paragraph numbers, to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may

refer to Local Rule of Civil Procedure 7.02 for details on motion practice before this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 23, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE