IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JACQUELINE MOORE, individually and
as Administrator of the Estate of
KEITH KARWACKI, deceased,

    Plaintiff,

v.                                  Civil Action No. 5:05CV169
                                                         (STAMP)
LIFE INSURANCE COMPANY OF NORTH AMERICA,
a foreign corporation,
CIGNA CORPORATION d/b/a CIGNA GROUP INSURANCE,
a foreign corporation and
METROPOLITAN LIFE INSURANCE COMPANY,
a foreign corporation,

    Defendants,

and

METROPOLITAN LIFE INSURANCE COMPANY,
a foreign corporation,

    Counter Claimant,

v.

JACQUELINE MOORE, individually and
as Administrator of the Estate of
KEITH KARWACKI, deceased,

    Counter Defendant,

and

SHARON L. KARWACKI,
and DEBORAH NAUGHTON,

    Third Party Defendants.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO RECONSIDER**
**ORDER ENTERED MARCH 25, 2010 AND**
**DENYING THIRD PARTY DEFENDANT DEBORAH NAUGHTON'S**
**MOTION FOR RECONSIDERATION**

## I. Procedural History

Jacqueline Moore, the plaintiff in the above-styled civil action, filed a complaint in this Court, individually and as administrator of the estate of Keith Karwacki, deceased, in the Circuit Court of Marshall County, West Virginia against the defendants, Life Insurance Company of North America ("LINA"), CIGNA Corporation d/b/a CIGNA Group Insurance ("CIGNA") and Metropolitan Life Insurance Company ("Met Life") after exhausting her administrative appeals. While this action was in state court, the plaintiff filed an amended complaint seeking declaratory judgment and alleging breach of contract, breach of common law duty of good faith and fair dealing, breach of fiduciary duty and, in the alternative, a count for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 and § 502(a)(1)(B) ("ERISA").

Thereafter, the defendants filed a notice of removal. Met Life filed a counterclaim and third party complaint for interpleader. This Court granted Met Life's request for interpleader and, at that time, Deborah Naughton ("Naughton") and Sharon L. Karwacki became third party defendants in this action because of their claim to any award of benefits from the policy. This Court then entered a memorandum opinion and order granting LINA/CIGNA's motion to dismiss Counts I, II and III, the state law claims, and granting in part and denying in part Met Life's motion to dismiss. Specifically, this Court granted Met Life's motion to

2

dismiss Counts IV, V and VI and denied without prejudice Met Life's motion to dismiss Count VII.  Further, this Court granted Met Life's motion to strike the plaintiff's jury demand.  The plaintiff then voluntarily agreed to dismiss Met Life from this action. After this Court issued that order, the plaintiff filed a motion pursuant to Rule 54(e) to alter or amend this Court's order regarding ERISA preemption, or, in the alternative, for certification of the order as a final judgment.  The plaintiff argued that this Court lacked sufficient evidence to make a determination on the issue of ERISA preemption and attached a copy of the LINA/CIGNA policy.  This Court rejected the plaintiff's contention and denied the motion.

LINA, CIGNA, and the plaintiff then filed summary judgment motions.  In addition to the briefing by LINA, CIGNA, and the plaintiff, third party defendant Naughton filed a response in support of the plaintiff's motion for summary judgment and third party defendant Karwacki filed a response in opposition to LINA and CIGNA's motions for summary judgment.  LINA and CIGNA replied to these responses.  This Court granted LINA and CIGNA's motions for summary judgment on the plaintiff's alternative claim alleging an ERISA violation and denied the plaintiff's motion for summary judgment.  On appeal, the United States Court of Appeals for the Fourth Circuit found that the grant of dismissal was premature because information about the LINA/CIGNA policy at issue was needed.  The Fourth Circuit reversed the grant of dismissal and

remanded for further proceedings on the issue of ERISA preemption in light of the information and evidence submitted by the plaintiff in her Rule 54(e) motion, including a determination by this Court of whether the "safe harbor" regulatory exception to ERISA preemption under 29 C.F.R. § 2510.3-1(j) applies to the policy. The Fourth Circuit also vacated the grant of summary judgment in favor of defendants LINA/CIGNA as to the alternative ERISA count. The Fourth Circuit stated that if this Court, on remand, should determine that the accidental death and dismemberment policy is subject to ERISA and dismiss the state law claims anew on that basis, this Court is free to reconsider the motion for summary judgment as to the ERISA count at that time. This Court ordered the parties to brief the issue as to whether this action is subject to ERISA or excluded under the safe harbor exception.

On March 25, 2009, this Court granted LINA and CIGNA's motion to dismiss; granted LINA and CIGNA's motions for summary judgment; and denied LINA and CIGNA's request for attorneys' fees and costs. This Court first found that all the elements were met to establish the existence of an employee benefit plan. After examining the safe harbor regulatory exception, this Court found that it did not apply in this case. Accordingly, this Court found that the plaintiff's state law claims were preempted by ERISA and dismissed those claims. This Court then reviewed the plaintiff's alternative claim arising under federal law for the enforcement of benefits under ERISA. This Court viewed LINA's denial of benefits de novo

4

and concluded that the totality of the evidence in the record in this case showed that a reasonable person in Keith Karwacki's position would expect his actions to result in injury or death.

On April 22, 2010, the plaintiff filed a motion for reconsideration to which the defendants responded and the plaintiff replied. Third party defendant Naughton joined in the motion to reconsider. For the reasons stated below, this Court finds that the plaintiff's motion to reconsider and Naughton's motion to reconsider must be denied.

## II. Applicable Law

The plaintiff files her motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the

court has already thought through--rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. <u>Discussion</u>

The plaintiff argues that this Court should reconsider its order. The plaintiff makes three specific objections to this Court's order: (1) that LINA and CIGNA bear the burden of proof that the policy is an ERISA plan and that LINA and CIGNA presented no valid evidence; (2) that, if ERISA were to apply, this Court needs to adopt other courts' reasoning that an unexpected death, even with a high blood alcohol level, is an accident; and (3) that summary judgment for CIGNA is unwarranted and premature.

The plaintiff's first objection that LINA and CIGNA did not present any valid evidence that the policy is an ERISA plan is not accurate. The plaintiff first argues that the plan is not an ERISA plan. This Court thoroughly addressed this point in its memorandum opinion and order. In its order, this Court held that the policy in this case meets all the statutory elements of an ERISA plan and that the safe harbor regulatory exception does not apply here. The plaintiff also argues that this Court could not consider the declaration of Deborah L. Jameson because it was "unsworn and unauthenticated." The plaintiff is not correct in her assertion and cites cases out of context in support for her position. The declaration of Deborah Jameson was made pursuant to 28 U.S.C. § 1746, under penalty of perjury. Unsworn statements submitted

pursuant to 28 U.S.C. § 1746, under the penalty of perjury, are permitted in lieu of affidavits. Willard v. Internal Revenue Serv., 776 F.2d 100, 102 n.3 (4th Cir. 1985).

The plaintiff's first argument does not cause this Court to reconsider its findings. Indeed, the plaintiff is making an objection that this Court has already throughly considered and discussed in its memorandum opinion and order. The plaintiff did not submit any new evidence that would warrant altering or amending the earlier order. Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

The plaintiff's second argument is also without merit. She argues that this Court should adopt the reasoning of other courts that an unexpected death, even with a high blood alcohol level, is an accident. This Court followed controlling Fourth Circuit law in its memorandum opinion and order finding that the decedent's death in this case was not the result of an "accident" under the policy. The plaintiff cites Gower v. AIG Claim Services, Inc. to re-argue that the decedent's death was an accident. This Court quoted Gower in its memorandum opinion and order. That case is easily distinguished from the present case as it dealt with prescription drugs, not alcohol. The plaintiff also asks this Court to disregard Fourth Circuit law discussed thoroughly in the memorandum opinion and order and instead to look to the District of

7

Connecticut and the Sixth Circuit Court of Appeals.  Accordingly, this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

Lastly, the plaintiff argues that this Court's granting of CIGNA's motion for summary judgment is premature as discovery is needed to determine CIGNA's role in the processing and administration of the policy.  Because this Court found that the denial of benefits for the policy was reasonable, discovery of CIGNA's role in the processing and administration of the policy is unnecessary.

## IV.  Conclusion

For the reasons stated above, the plaintiff's motion to reconsider and third party defendant Naughton's motion to reconsider this Court's March 25, 2010 memorandum opinion and order granting LINA and CIGNA's motion to dismiss; granting LINA and CIGNA's motions for summary judgment; and denying LINA and CIGNA's request for attorneys' fees and costs are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the counsel of record herein.

DATED:    July 28, 2010

>                               /s/ Frederick P. Stamp, Jr.
>                               FREDERICK P. STAMP, JR.
>                               UNITED STATES DISTRICT JUDGE